FILED
                                                       United States Court of Appeals
                                                               Tenth Circuit

                                                           **January 22, 2010**
              UNITED STATES COURT OF APPEALS
                                                         **Elisabeth A. Shumaker**
                                                             **Clerk of Court**
                          TENH CIRCUIT

JUAN QUINTANA-NAVARETTE,

          Petitioner-Appellant,

v.                                                     No. 09-1330

RENE G. GARCIA, Warden,                          (D.C. No. 09-cv-00378-ZLW-BNB)
                                                            (D. Colo.)
          Respondent-Appellee.


                        ORDER AND JUDGMENT[*]


Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.


        After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is,

therefore, submitted without oral argument.

        Juan Quintana-Navarette, seeking to proceed *in forma pauperis*, filed a pro

se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 which the

_____

        [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

district court ultimately dismissed without prejudice for failure to exhaust administrative remedies. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM the district court's dismissal of Quintana-Navarette's petition and GRANT Quintana-Navarette's Motion for Leave to Proceed *in forma pauperis*.

**I**

Quintana-Navarette is incarcerated at the Federal Correctional Institution in Englewood, Colorado ("F.C.I. Englewood") where he is serving a 120-month sentence for conspiring to distribute or possess with intent to distribute over 1000 kilograms of marijuana in violation of 21 U.S.C. § 846(a)(1). His projected release date with good time credit is May 22, 2014.

On February 24, 2009, Quintana-Navarette filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Colorado. Quintana-Navarette's petition named K. Johnson, the acting warden at F.C.I. Englewood, as Respondent and alleged that the Bureau of Prisons ("BOP") has wrongfully denied him (1) good time credits that he has earned through participation in certain BOP educational programs, and (2) a placement at a federal prison camp. At the district court's direction, Johnson filed Preliminary and Supplemental Responses to Quintana-Navarette's petition, limited to the affirmative defense of failure to exhaust administrative remedies. Quintana-Navarette filed a Reply and Supplemental Reply to Johnson's Responses. Ultimately, the district court dismissed Quintana-Navarette's petition

without prejudice for failure to exhaust his administrative remedies. Quintana-Navarette then filed a Fed. R. Civ. P. 59(e) Motion for Reconsideration which the district court denied. On appeal, Quintana-Navarette argues that the district court's dismissal of his petition was in error because (1) he has exhausted his administrative remedies, and/or (2) his petition is ripe for review even in the absence of exhaustion.

**II**

"We review the district court's dismissal of a § 2241 habeas petition de novo." Broomes v. Ashcroft, 358 F.3d 1251, 1255 (10th Cir. 2004). Because Quintana-Navarette's pleadings were filed pro se, we construe them liberally. See Van Deelen v. Johnson, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

While § 2241 does not contain an express exhaustion requirement, we have held that exhaustion of administrative remedies is considered a prerequisite to the filing a federal habeas corpus petition pursuant to § 2241. See Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). Further, the exhaustion requirement is satisfied only through proper use of the available administrative remedies. See Woodford v. Ngo, 548 U.S. 81, 90 (2006). An inmate seeking to file a § 2241 habeas petition exhausts his or her administrative remedies by complying with the Bureau of Prisons' ("BOP") Administrative Remedy Program which is set forth in 28 C.F.R. §§ 542.10-.19. According to the terms of this program, an inmate seeking relief is generally required to begin by

3

attempting to resolve his or her complaint informally by submitting a Request for Informal Resolution, also known as a BP-8, to his or her Correctional Counselor. See 28 C.F.R. § 542.13(a). If the inmate is not satisfied by the Correctional Counselor's response to his or her BP-8, the inmate may then file a formal Request for Administrative Remedy, or BP-9, with the warden of the institution where he or she is confined. See id. § 542.14(a). If the inmate is dissatisfied with the warden's response to the BP-9, he or she may then file a Regional Office Administrative Remedy Appeal, or BP-10, with the regional office of the BOP. See id. § 542.15(a). And finally, if the inmate is still dissatisfied, he or she may file an Administrative Remedy Appeal, or BP-11, with the National Inmate Appeals Administrator in Washington, D.C. See id.

During the course of the process, "[a]n inmate may not raise . . . issues not raised in . . . lower level filings," or "combine Appeals of separate lower level responses." Id. § 542.15(b)(2). Accordingly, inmates must progress through the BOP Administrative Remedy Program in lockstep. Because, however, the BOP does not begin to track an inmate's actions until he or she has submitted a formal Request for Administrative Remedy, or BP-9, see ROA Vol. 1 at 49 (¶ 6), it is incumbent upon an inmate seeking to submit a BP-9, to demonstrate that he or she has filed a Request for Informal Resolution, or BP-8, or that this requirement has been excused pursuant to one of the exceptions set forth in 28 C.F.R. § 542.13(b).

According to BOP records submitted as part of the record on appeal,

4

Quintana-Navarette has filed seven requests for administrative remedies, four of which are relevant to the issues he raises in his § 2241 petition. Two of the four relevant requests that the BOP has received from Quintana-Navarette were Requests for Administrative Remedies, or BP-9s. These requests were received by the Administrative Remedy Clerk on October 27, 2008 and January 6, 2009, and assigned Numbers 513411-F1 and 521420-F1, respectively. The BOP ultimately rejected both of these BP-9s because Quintana-Navarette failed to provide evidence that he had tried to informally resolve his complaints—by filing BP-8s—before filing them. See ROA Vol. 1 pp. 52 (¶ 16), 53 (¶ 18), 65-66. The two other relevant requests that the BOP received from Quintana-Navarette were appeals from the rejection of his first BP-9—513411-F1—and came in the form of: (1) a Regional Office Administrative Remedy Appeal, or BP-10; and (2) an Administrative Remedy Appeal, or BP-11. The BOP rejected both of these appeals, again based on Quintana-Navarette's failure to file a BP-8 at the institutional level.

## A

On appeal, Quintana-Navarette first contends that the district court erred in finding that he has not exhausted his administrative remedies because he alleges that he did seek to resolve his complaints informally before filing the relevant formal requests. In support of this position, Quintana-Navarette provides copies of several "cop-out" forms that he alleges he submitted to prison staff between

April and October of 2008, as well as unsigned copies of two Request for Informal Resolution forms, or BP-8s, that he alleges he submitted to BOP staff in October of 2008. According to Quintana-Navarette, because he did not receive a response to these documents, he was entitled to move forward with the aforementioned formal requests and appeals. See Aplt. Op. Br. at 9 (referencing 28 C.F.R. § 542.18 which notes that at each level of BOP review, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.). And because the staff at F.C.I. Englewood did not provide rejection notices to these informal requests until after the deadline to file formal requests had passed, the only proof of compliance he could offer was unsigned copies of these documents. Finally, Quintana-Navarette contends that his ability to file the aforementioned formal requests is prima facie evidence that he submitted the required informal requests because "[t]he staff at the institution would not have given the forms he requested [BP-9s] had he not demonstrated a need for them[,] i.e., his having already submitted the pre-requisite form." Id. at 10.

Quintana-Navarette's argument is unavailing. To begin, "cop-outs" are not considered part of the BOP's administrative remedy program and according to BOP staff they are not "the form inmates are required to use to seek informal resolution of their complaints prior to filing a formal BP-9." ROA Vol. 1 at 50 (¶10). Further, even if the unsigned informal requests are the only physical

6

evidence that Quintana-Navarette can provide in support of his contention that he in fact submitted them, he offers no corroborating evidence, such as the name of the individual to whom they were submitted, to support this position. <u>Cf. Northington v. Jackson</u>, 973 F.2d 1518, 1520-21 (10th Cir. 1992) (noting that even though pro se filings are construed liberally, "the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations"). And finally, Quintana-Navarette's submission of the relevant formal requests is not prima facie evidence of his submission of the required informal requests because according to BOP Program Statement P1330.16, even if an inmate "refuses to present a request informally, staff should provide the form for a formal request." ROA Vol. 1 at 106. In sum, the district court did not err in concluding that Quintana-Navarette failed to exhaust his administrative remedies.

**B**

Quintana-Navarette's final argument on appeal is that because he has demonstrated a lack of integrity in the administration of the BOP's administrative remedy process at F.C.I. Englewood, his § 2241 petition is ripe for review even in the absence of exhaustion. Once again, Quintana-Navarette's argument is without merit because, as previously noted, exhaustion is a prerequisite to the filing of a § 2241 habeas petition, <u>see</u> <u>Williams</u>, 792 F.2d at 987, and Quintana-Navarette cites no legal authority which recognizes an exception to this rule based on the

integrity of the administration processes at an individual facility.

## III

We AFFIRM the district court's dismissal of Quintana-Navarette's § 2241 habeas petition and GRANT Quintana-Navarette's Motion for Leave to Proceed *in forma pauperis*.

Entered for the Court


Mary Beck Briscoe
Circuit Judge